**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:02 CR 18 |
| | ) | |
| Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Comrie, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Petitioner. | ) | |

### INTRODUCTION

This matter is before the Court upon Petitioner's Motion to Vacate Under 28 U.S.C. § 2255(Doc. 134).  For the reasons that follow, the motion is DENIED, except with respect to petitioner's claim that his attorney failed to properly inform him of the risks of going to trial. The argument is set forth in section three, which petitioner refers to as "false assurances."  The Court will hold a hearing on this aspect of petitioner's claim on April 23, 2009, at 10:00 a.m.

### FACTS

Petitioner, Robert C. Comrie, was convicted by a jury of violation of 18 U.S.C. § 371 for conspiracy to make false statements to firearms dealers (counts one and four), aiding and

1

abetting the making of false statements to firearm dealers (counts two and five) and felon-in-possession of a firearm (counts three and six).  Count three was based on firearms recovered from Comrie's home after the execution of a search.  Count six was based on Comrie's acquisition of firearms through another individual, *i.e.*, a "straw-purchase," at a gun show.  Petitioner was sentenced to 60 months of imprisonment for counts one and four and 100 months of imprisonment on each of the remaining counts.

Comrie appealed his conviction and sentence to the Sixth Circuit.  The Sixth Circuit concluded that the search of Comrie's home was unlawful and, therefore, the court vacated the conviction on count three.  In addition, as this Court imposed Comrie's initial sentence prior to the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), the Sixth Circuit remanded the matter for resentencing.  Upon resentencing, the Court noted that petitioner's criminal history category had increased resulting in a higher guideline range compared to the category applicable at his first sentencing.  Nonetheless, the Court believed that the initial sentencing range was appropriate for the crimes committed.  Comrie again appealed his sentence, which the Sixth Circuit affirmed.

Comrie now moves for relief pursuant to 28 U.S.C. § 2255 and seeks a Writ of Error Audita Querela.  The government opposes the motion.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack."  28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

**DISCUSSION**

Comrie argues that he is entitled to relief for three reasons.  Each will be addressed in turn.

1. Second Amendment concerns

According to Comrie, the Supreme Court's recent decision in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), calls into question the constitutionality of 18 U.S.C. § 922, the statute under which Comrie was charged as a felon in possession of a firearm.  In *Heller*, the Supreme Court struck down laws enacted by the District of Columbia regulating the possession of handguns in citizens' homes.  According to Comrie, the Second Amendment prohibits governmental control of guns.  Upon review, the Court finds that Comrie's argument lacks merit.  As the government aptly points out, the Supreme Court in *Heller* specifically noted that its decision should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons...."  *Id.* at 2816-17.  Accordingly, the Court rejects Comrie's argument that his conviction is unconstitutional pursuant to *Heller*.[1]

---

[1] In his memorandum in support, Comrie argues under "Issue 1A," that his convictions are "void" because the version of the bill passed by the Senate differed from the version of the bill based by the House of Representatives.  As an initial matter, the Court finds that this argument was not raised in Comrie's petition and the

3

2. Ineffective assistance of counsel

Comrie argues that he is entitled to relief because counsel failed to seek a new trial after the Sixth Circuit vacated count three.  Specifically, Comrie argues that the only gun introduced into evidence was the subject of the illegal search.  As such, Comrie claims that count three was the "foundation" for the other counts.  In response, the government argues, and Comrie does not dispute, that Comrie's attorney sought a new trial before the Sixth Circuit.  The Sixth Circuit, however, affirmed the convictions on the remaining counts, deciding to vacate only count three.  Accordingly, the government contends that Comrie cannot relitigate an issue decided on appeal.  In addition, the government argues that there was overwhelming evidence supporting the remaining counts.  Thus, the presence or lack thereof of the gun introduced in support of count three has no bearing on the outcome of these counts.

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him."  *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998)

Upon review, the Court agrees with the government.  Although the government did not provide the Court with Comrie's appellate brief, Comrie did not object to the government's argument that counsel asked for a new trial.  Therefore, having raised the issue before the Sixth Circuit, Comrie cannot now claim ineffective assistance of counsel.  Moreover, even assuming

---

Court will not consider an issue raised for the first time in a brief. Regardless, the Court finds that Comrie's failure to raise this issue on direct appeal precludes him from raising the issue via a Section 2255 petition.

4

counsel did not raise the issue, the Court agrees with the government that the gun found in Comrie's home was not the "foundation" for all of the counts. Thus, while the Sixth Circuit vacated count three, it affirmed the remaining convictions. The government aptly points to a wealth of evidence supporting these counts and, as such, any failure to seek a new trial was not prejudicial to Comrie in that it is highly unlikely that relief would have been available. Because Comrie cannot show that any failure to seek a new trial prejudiced him, his claim for ineffective assistance of counsel fails.

Comrie also argues that his attorney maintained a "knee-buckling" caseload, which rendered him unable to provide effective assistance of counsel. Comrie, however, fails to offer any evidence in support of this claim. Moreover, Comrie fails to point to any prejudice he allegedly suffered, other than that already rejected by this Court. Accordingly, Comrie is not entitled to relief.

3. "False assurances"

Comrie argues that his counsel was ineffective for failing to properly advise him of the sentence. According to Comrie, he was a candidate for a sentence between 30-37 months if he accepted a plea. He claims that his attorney informed him that a loss at trial would result in a sentence of 41-51 months. This Court, however, sentenced Comrie to 100 months. Thus, it appears that Comrie is arguing that his counsel failed to properly inform him of the risks associated with proceeding to trial. The Court concludes that, pursuant to *Valentine v. U.S.*, 488 F.3d 325 (6th Cir. 2007) and *Turner v. United States*, 183 F.3d 474 (6th Cir. 1999), an evidentiary hearing is required to resolve this claim.

Comrie also argues that the Court improperly considered enhancement factors and that

5

his sentence is constitutionally excessive. In addition, Comrie argues that his attorney should have argued the "doctrine of constitutional avoidance" at sentencing. Upon review, the Court rejects these arguments. Comrie appealed his sentence and the Sixth Circuit addressed the reasonableness of the sentence imposed by the Court. Comrie cannot collaterally attack issues addressed on direct appeal. Moreover, the Court concludes that any failure on counsel's part to raise the issue of "constitutional avoidance" resulted in no prejudice, as the Court recognized that the guideline range was not mandatory. Accordingly, Comrie is not entitled to relief.

### **CONCLUSION**

Petitioner's motion for relief under Section 2255 is DENIED except as set forth herein. The Court will address the sole remaining issue after the hearing is concluded.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/20/09