**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Robert C. Comrie,** ) | **CASE NO. 1:02 CR 018** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **United States of America,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Respondent.** ) | |

**INTRODUCTION**

This matter is before the Court upon Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 134 ). In an Order dated March 20, 2009, the Court denied the motion with the exception of petitioner's claim of "false assurances." The Court concluded that a hearing was required in order to resolve that issue. Having held a hearing, the Court now DENIES petitioner's claim of "false assurances."

**FACTS**

Petitioner was tried by a jury and convicted of six counts related to firearms possession. This Court imposed a sentence of 60 months on two of the counts to be served concurrently with

1

a sentence of 100 months imposed with respect to the remaining counts.  Petitioner argues that the government offered to reduce the charges if petitioner entered into a plea agreement. According to petitioner, his attorney never informed him of the government's offer.  He claims that he would have accepted the offer had he been informed.  In addition, petitioner claims that he was not properly informed of the risks of proceeding to trial.  As such, petitioner claims ineffective assistance of counsel.  In addition, petitioner claims that Rule 11 of the Federal Rules of Criminal Procedure was violated.

### **ANALYSIS**

Upon review of the briefs and the relevant law, the Court finds that petitioner's motion must be denied.  In order to succeed with his claim for ineffective assistance of counsel, petitioner must satisfy the two part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, petitioner must establish that his counsel's performance was deficient and that he suffered prejudice as a result.

Both parties agree that the first prong is satisfied if counsel fails to properly inform a defendant of (1) the risks associated with proceeding to trial and/or (2) the existence of a plea offer.  Upon consideration of the testimony presented, the Court finds that petitioner fails to establish that his attorneys failed to inform of the risks of proceeding to trial.  In this case, petitioner was represented by three different attorneys during the trial phase.  All three testified at the hearing.  Joe Schmitz, the assistant attorney for the United States who prosecuted petitioner, also testified at the hearing.  As an initial matter, attorney John Parish, who was retained by petitioner, testified that he recalls discussing petitioner's possible exposure at trial. He further recalled having specific discussions with petitioner regarding the fact that there were

2

so many guns at issue. Mr. Schmitz testified that he had a number of communications with Mr. Parish regarding the "best case" scenario in the event petitioner were to enter into a plea agreement. Mr. Schmitz introduced various letters and notes to his file reflecting these communications. The communications center on various aspects of a possible plea agreement, with particular focus on "substantial assistance." Mr. Parish testified that he recalls receiving letters from Mr. Schmitz regarding a possible plea arrangement and that it is his standard practice to inform his clients of all plea offers and the ramifications of those offers. He has no reason to believe he failed to follow his procedures in this case. Moreover, he further indicated that he recalled discussing substantial assistance with petitioner. This bolsters Mr. Parish's testimony that he in fact followed his standard procedure since the issue of substantial assistance is contained within the communications discussing a potential plea.

In addition, attorney James Willis, who represented petitioner later in the proceedings and through trial, testified that he always informs his clients of the ramifications of going to trial and would always inform a client of a plea offer from the government. He recalls receiving a plea offer and, although does not have a specific recollection of discussing the plea with petitioner, has no reason to believe that he didn't follow his usual practice. Moreover, according to Mr. Willis, he was paid by petitioner's family regardless of whether he proceeded through trial. Thus, he believes he would certainly have informed petitioner of the plea in this particular case since avoiding a trial would also benefit Mr. Willis. Attorney Henry DeBaggis also testified. He was appointed by the Court and shortly thereafter, petitioner asked to have him removed. He had no recollection of a plea offer.

The only testimony supporting petitioner comes from petitioner himself. He indicates

3

that he was never informed of the risks associated with proceeding to trial and, further, was not informed of the government's plea offer. The Court rejects petitioner's self-serving testimony as not credible. In order to accept petitioner's testimony, the Court would have to reject the testimony of not one, but two, attorneys. Mr. Parish had specific recollections of discussing the ramifications of trial and specific recollections of discussing certain aspects of the government's plea position. Moreover, Mr. Parish and Mr. Willis both testified that they always inform their clients of plea offers and had no reason to believe they failed in this case. In addition, petitioner's testimony conflicts with his own petition. At the hearing petitioner testified that no attorney ever informed him of the possible sentence he faced if convicted. He indicated that Mr. Willis informed his mother that he would receive " no more than four years" if convicted. In his brief in support of his petition, however, petitioner indicated that his attorney informed his that "a loss at trial would yield a sentence of 41-51 months." On the one hand, petitioner claims that he was never informed of the risks, yet on the other hand, petitioner offers a very specific sentencing range allegedly provided by his attorney. In all, the Court finds that petitioner fails to establish that his attorneys all failed to inform him of the risks associated with trial and the existence of the government's plea offer. Thus, the first prong of the *Strickland* standard is not met.

Moreover, even assuming petitioner could satisfy the first prong, the Court finds that the evidence at the hearing establishes that petitioner was not prejudiced by any failure by defense counsel to inform defendant of the plea agreement. All three defense attorneys[1] consistently and

---

[1] The Court notes that throughout these proceedings, petitioner has been represented by five unrelated attorneys. Petitioner has accused all five of them of ineffective assistance of counsel. This

independently testified that petitioner had no interest in pursuing any kind of plea whatsoever. All three indicated that petitioner was insistent on pursuing a trial. This testimony is bolstered by the testimony of Mr. Schmitz, who indicated that due to petitioner's attitude towards plea bargaining, he inserted "acceptance of responsibility" language that differed from the usual language. In addition, although generally testifying that he would have taken the plea, petitioner refused to concede that he would have accepted the plea bargain as offered. Rather, he indicated that he would not admit to the factual scenario because it contained errors. When asked, he indicated that he would have informed his attorney of the errors. He further invoked the Fifth Amendment when asked whether he would have admitted to the charges. Thus, while making a general assertion that he would have accepted the government's plea offer, the Court finds the testimony lacking in credibility given the other evidence introduced at the hearing. Accordingly, petitioner cannot satisfy the second prong under *Strickland*, *i.e.*, a showing of prejudice.

Rule 11

Petitioner argues that Rule 11 of the Federal Rules of Criminal Procedure required the parties and/or the Court to read the plea offer made by the government in open court. Petitioner's argument is rejected. Rule 11 applies to plea offers made by the *defendant* to the *Court*, not to plea offers made by the government to the defendant. In addition, the rule refers to plea *agreements*, which even petitioner acknowledges never existed.

**CONCLUSION**

---

> Court granted petitioner's request for counsel to appear at the hearing, yet the morning of the hearing accused the attorney of ineffective assistance and requested that the attorney be removed. This is the second time in this case petitioner has sought to have counsel removed from the case.

5

For the foregoing reasons, petitioner's motion is DENIED.

IT IS SO ORDERED.

>   /s/ Patricia A. Gaughan
>   PATRICIA A. GAUGHAN
>   United States District Judge

Dated: 5/14/09